## Roschel v. Roschel

*James R. Leonard, Jr.*, for plaintiff.
*Arnold, Beyer & Gruber*, for defendant.

BUCHER, *J.*, June 15, 1978—This is a divorce case. Defendant wishes to take the deposition of plaintiff notwithstanding the fact that a bill of particulars has been duly filed. Although Pa.R.C.P. 4001 allows discovery in "any civil action or proceeding at law or in equity" the policy of this court has been to deny discovery in divorce actions. This prior policy was supported by at least one lower court case, Snyder v. Snyder, 41 D. & C. 2d 547 (1967), which denied discovery because a bill of particulars was available. Other cases have cited the moving party's actual knowledge of the facts thereby rendering discovery unnecessary. See, e.g., Cutter v. Cutter, 23 D. & C. 2d 257 (1961), and Applegate v. Applegate, 11 D. & C. 2d 471 (1957).

The court en banc after a review of the cases and the purpose of the discovery rules now adopts the policy of allowing discovery in divorce cases. Discovery is important in the preparation of cases, in narrowing the issues and in having the salutary effect of encouraging settlement.

And now, June 15, 1978, plaintiff's motion for a protective order is denied.